,Mildred M. KING, Appellant,

v.

PAGLIARO BROTHERS STONE
COMPANY and Leonard
Pagliaro, Appellees.

No. 95–CV–330.

District of Columbia Court of Appeals.

Argued May 16, 1996.

Decided Dec. 18, 1997.

Brian W. Shaughnessy, Washington, DC, for appellant.

D. Elizabeth Walker, Rockville, MD, for appellees.

Before WAGNER, Chief Judge, and TERRY and RUIZ, Associate Judges.

TERRY, Associate Judge:

This is a negligence case in which the trial court directed a verdict in favor of the defendants. Appellant contends that the trial court erred when it took the issue of negligence away from the jury. We agree and reverse.

## I

On November 9, 1990, at approximately 11:30 a.m., Mildred King was riding in a car driven by her husband, Robert King. They were traveling east on Benning Road, N.E., when Mrs. King looked out the window and noticed a truck rapidly approaching their car from behind. She did not mention the truck to her husband because she "didn't want ... to startle him." However, "the next thing [she] knew," the truck was directly behind the Kings' car, and at that time Mrs. King saw that the driver was talking on a car phone. Suddenly the truck struck the Kings' car from behind. Mrs. King immediately felt a pain in her neck and "numbness" in her body, but she managed to unfasten her seat belt and get out of the car. At trial Mrs. King identified the driver of the truck as Leonard Pagliaro.

Police cars and an ambulance soon arrived, and Mrs. King was taken to Howard University Hospital.[1] There she was treated for her injuries, given pain medication, and released for further treatment by her own doctor. She testified that she suffered continuing pain for some time thereafter and described the treatment she received, for which she accrued approximately $10,870 in medical bills.

Robert King testified that he was "in the middle of traffic" on Benning Road, "and the traffic was slowing down." As he began to come to a stop, his car was struck in the rear by the Pagliaro truck. He was not injured, but his wife complained of pain in her back, so he took her to the hospital as soon as he could after the accident. The Kings' car suffered some rear-end damage.

Leonard Pagliaro, called as a witness by Mrs. King, admitted that he was driving the Pagliaro Brothers company truck when it struck the Kings' car in the rear. He was about twenty-five feet behind that car when its brake lights, which had been on, went off. He continued to drive about thirty miles per hour, "keeping up with traffic," when suddenly he saw Mr. King's brake lights go on again. He tried to drive around the Kings' car, but his front bumper "grazed [Mr. King's] passenger side rear bumper." He admitted that he did not attempt to stop his truck to avoid hitting the Kings' car; rather, he "tried to steer around [Mr. King]." He also admitted that there was a car phone in his truck, but he denied that he was talking on the phone in the moments immediately before Mr. King slammed on the brakes. Mr. Pagliaro described the traffic on Benning Road as "light" and said he saw nothing in front of Mr. King that would have caused him to stop suddenly.

Mrs. King filed this suit against both Leonard Pagliaro and Pagliaro Brothers Stone Company, the owner of the truck. At trial, counsel for Mrs. King maintained that the fact that Mr. Pagliaro was talking on the telephone when he ran into the rear of the Kings' car showed that he breached his duty to give his full time and attention to his driving. At the close of the plaintiff's case, however, the trial court granted the defendants' motion for directed verdict, citing this court's decision in *Pazmino v. Washington Metropolitan Area Transit Authority,* 638 A.2d 677 (D.C.1994). The court based its ruling on Mrs. King's failure to introduce

---

1. Mrs. King was afraid to travel in the ambulance because of her "claustrophobia," so she let her husband drive her to the hospital.

traffic regulations in order to establish a standard of care, her failure to present specific evidence concerning the speed of the Pagliaro truck as it approached the Kings' car, and her failure to establish a direct causal relationship between Mr. Pagliaro's alleged talking on the phone and the negligence claimed. The court entered judgment for the defendants, and Mrs. King noted this appeal.

## II

The trial court correctly cited *Pazmino v. WMATA, supra,* as articulating the legal principles applicable to this case. Where the court erred was in applying those principles to the evidence before the jury.

■■■ In discussing the weaknesses of the plaintiff's case, the court stressed that counsel for Mrs. King[2] had not introduced or proffered traffic regulations to establish the applicable standard of care, noting that the "general principles" governing a driver's duty of care to avoid collisions "are reflected in traffic regulations." *See Pazmino,* 638 A.2d at 679. But neither *Pazmino* nor any other case requires that such regulations be introduced in evidence (although that is often done) in order to establish negligence. The central factor underlying our decision in *Pazmino* is the strict standard of review by which we assess directed verdicts. *Id.* at 678; *see, e.g., Washington Metropolitan Area Transit Authority v. Jones,* 443 A.2d 45, 50 (D.C.1982) (en banc); *Corley v. BP Oil Corp.,* 402 A.2d 1258, 1263 (D.C.1979). "If it is possible to derive conflicting inferences from the evidence, the trial judge should allow the case to go to the jury." *Shannon & Luchs Co. v. Tindal,* 415 A.2d 805, 807 (D.C.1980); *accord, e.g., Robinson v. Group Health Ass'n,* 691 A.2d 1147, 1150 (D.C.1997).

In *Pazmino,* as in this case, the trial judge entered a directed verdict in favor of the defendant. In reversing that decision, we held that "[a] directed verdict is proper only if there is no evidentiary foundation, *including all rational inferences from the evidence,* by which a reasonable juror could find for the party opposing the motion, considering

all the evidence in the light most favorable to that party." 638 A.2d at 678 (emphasis added). We have also made clear that a directed verdict should be entered "[o]nly in extreme instances," *District of Columbia v. Cooper,* 445 A.2d 652, 655 (D.C.1982), when there are "absolutely no facts or circumstances from which a jury could reasonably [find negligence]...." *District of Columbia v. Smith,* 642 A.2d 140, 141 (D.C.1994) (citation and internal quotation marks omitted). That standard is not met in this case.

■■■ This court has often said that "[t]he mere happening of an accident does not constitute proof of negligence." *Pazmino,* 638 A.2d at 680 (citing *District of Columbia v. Davis,* 386 A.2d 1195, 1200 (D.C.1978)). We have also recognized, however, the generally accepted rule that "the primary duty to avoid collision as between [the] motorist ahead and the motorist following lies with the motorist behind," even though "a duty of care rests of course on both motorists." *Pazmino,* 638 A.2d at 679 (citations and internal quotation marks omitted). It is true that to establish negligence in a rear-end collision, the plaintiff must show more than just the occurrence of the collision. Nevertheless, "the negligence of the trailing car colliding with a forward car is essentially a question for the fact finder to determine and not a matter of law." *Id.* (citation omitted). Moreover, since an injury can have more than one proximate cause, "[a]ny conduct ... that was a substantial contributing factor in causing the accident [can be] a legal cause of that accident." *Id.* (citations omitted).

■■■ In this case, as in *Pazmino,* "there was more evidence ... to support a jury finding of negligence on the part of the [truck] driver than the mere happening of the accident, particularly in light of the reasonable inferences that the jury might draw" from the rapid approach of the truck and Mrs. King's testimony that Mr. Pagliaro was talking on the telephone just before his truck struck the Kings' car. *See Pazmino,* 638 A.2d at 680. "In considering the totality of the evidence, including all rational inferences, in the light most favorable to appellant ... a

2. Mrs. King is represented by new counsel on appeal.

reasonable jury could find a negligent overtaking in violation of the 'primary duty' of the trailing vehicle." *Id.* at 680–681. In so holding, we emphasize that a reasonable jury *could* find that Mr. Pagliaro acted negligently on the facts presented, not that a jury *must* so find. Although Mr. Pagliaro's talking on his car phone would not establish negligence as a matter of law, it is at least some evidence from which a jury could infer that he was not devoting his full time and attention to his driving, *i.e.*, that he was not exercising reasonable care under the circumstances.[3]

We therefore reverse the judgment of the trial court and remand this case for a new trial.

*Reversed and remanded.*

---

**3.** Indeed, whether he was talking on the car phone at all—Mrs. King said he was, but Mr. Pagliaro said he was not—is a material issue of fact that needs to be resolved by a jury.